UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PEOPLE OF THE STATE
OF MICHIGAN

          Plaintiff,                    Case No. 1:23-cv-12326

v.                                      Honorable Thomas L. Ludington
                                         United States District Judge

MARKEL KEN LOKINSKI,

                                         Honorable Patricia T. Morris
         Defendants.               United States Magistrate Judge

_____/

**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**

On April 12, 2023, Officer Ryan Avery of the Tuscola County Sherriff's Department pulled Defendant Markel Ken Lokinski over for driving his blue Ford F350 with expired plates. ECF No. 1 at PageID.10–11. When pulled over, Defendant insisted he did not need a license to drive. *See Id.* at PageID.11. Given Defendant's insistence, Officer Avery called for backup because he suspected Defendant was a "sovereign citizen." *Id.* Officer Avery ordered Defendant out of the car and Defendant eventually complied but told Officer Avery that he planned to sue. *Id.*

On May 10, 2023, a Criminal Information was filed against Defendant in the 54th Circuit Court of Tuscola County charging Defendant with one count of felony obstruction in violation of MICH. COMP. LAWS § 750.81d(1). *Id.* at PageID.25. But on September 11, 2023, Lokinski pleaded guilty to one count of driving without a license, a misdemeanor, in violation of MICH. COMP. LAWS § 257.311, and the felony obstruction charge was dismissed. *See State of Mich. v. Markel Lokinski*, No. 23-016120-FH (Mich. 54th Cir. Ct. Tuscola Cnty. Filed May 3, 2023). Lokinski was sentenced according to this plea agreement the same day. *Id.*

On September 12, 2023, Defendant filed a Notice of Removal to this Court for his closed state criminal case. ECF No. 1. In this Notice, Defendant argues *civil* removal is proper under 28 U.S.C. § 1441 because, he claims, federal question jurisdiction exists. *Id.* at PageID.2.

But 28 U.S.C. § 1441 governs the removal of *civil* actions, not Lokinski's state *criminal* prosecution. *See* 28 U.S.C. § 1441(a) ("[A]ny *civil* action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the District Court of the United States for the district and division embracing the place where such action is pending.") (emphasis added).

Further, even if 28 U.S.C. § 1441 applied and Defendant's case was civil in nature, this Court does not have original jurisdiction. Lokinski's state-law violations do not arise under federal law, nor do they invoke the federal constitution. *See* 28 U.S.C. § 1331.

Further still, Defendant has not complied with the procedural requirements of civil removal, which require civil defendants to file notice of removal to federal court within 30 days of receiving the complaint or summons. *See* 28 U.S.C § 1446(b)(1). Defendant waited nearly three months after he learned of prosecution's "cause of action" before filing his Notice of Removal and has not shown good cause for this delay.[1] *See generally* ECF No. 1; *see also Healthcare Facility Mgmt. LLC v. Candelaria*, No. 1:23-CV-247, 2023 WL 4552115 (S.D. Ohio July 10, 2023), *report and recommendation adopted in part, rejected in part on other grounds sub nom. HealthCare Facility Mgmt. LLC v. Engnan*, No. 1:23-CV-246, 2023 WL 5846874 (S.D. Ohio Sept. 11, 2023)

---

[1] The same result would apply if Defendant filed a notice for *criminal* removal. Among other requirements, a defendant's notice of *criminal* removal must be filed within 30 days after the defendant's arraignment or before trial, whichever is earlier, unless the defendant shows good cause. 28 U.S.C. § 1455(b)(1). Defendant was arraigned on June 5, 2023. But Defendant did not file Notice of Removal until September 12, 2023, and has not shown any reason for this nearly three-month delay.

(finding Defendant's notice of removal untimely and improper because it was filed after the 30 day deadline had passed and Defendant "offer[ed] no basis for" this delay).

Finally, removal is improper because there is simply nothing to remove. Defendant has already pleaded guilty to a state-law violation and been sentenced in state court. To the extent Defendant's filing was an attempt to appeal his plea or sentence, this Court is not the proper court to appeal a state-court sentence.[2]

Accordingly, it is **ORDERED** that Defendant Lokinski's Notice of Removal, ECF No. 1, is **REMANDED** to the 54th District Court of Tuscola County.

Further, to the extent Defendant's Notice of Removal, ECF No. 1, created a new federal case, it is **DISMISSED.**

**This is a final order and closes the above-captioned case.**

Dated: September 29, 2023  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

[2] In Michigan, final judgments of a state circuit court may be appealed to Michigan Court of Appeals, see MICH. CT. R. 7.203(A), within "42 days after entry of the judgment or order appealed from," MICH. CT. R. 7.204(A)(2).